Nov. Term,
**1860.**

GRANT
v.
CROMWELL.

*Tuesday,
December* 11.

---

GRANT and Others *v.* CROMWELL.

In the year 1845 *A.* settled, with his family upon a quarter section of land in the *Miami Reservation,* and died *May* 31, 1847, after the act of Congress of *August* 3, 1846, became a law, without proving his claim to pre-emption and purchasing the land. After his death his administrator, under the acts of Congress in such case provided, pre-empted and entered the land in the names of the heirs of *A. A's* wife and children, at the time of such pre-emption and purchase, still resided on the land; and all the improvements were made thereon by *A.* and his family, in his lifetime.

Nov. Term,
1860.

GRANT
v.
CROMWELL.

*Held*, that the widow might, under the laws of Congress, have pre-empted and purchased the land; but as it does not plainly appear from the evidence with whose money it was purchased, the inference is that it was with the money of those in whose name it was entered, viz.: the heirs of *A.*, who were also allowed, by law, to make the entry. And, as the widow was not an heir, she had no interest in the land.

*Wednesday,*
*December* 12.

APPEAL from the *Howard* Common Pleas.

PERKINS, J.—Suit for partition. An issue was made up, and the following agreed state of facts constituted the evidence; and it discloses the question for decision.

The facts agreed upon are: " That the quarter section of land, a part of which is set out in the complaint, was settled upon by *Ethan H. Birch* in his lifetime, being in 1845, with his family; that the defendant, *Mary Grant*, was then his wife; that considerable improvements were made upon the land prior to the death of Mr. *Birch*, which occurred *May* 31, 1847; that the act of Congress, providing for the right of pre-emption to the public lands in the *Miami National Reservation*, to actual settlers thereon, which embraces the land in controversy, was approved *August* 3, 1846; that before proving his claim to pre-emption, and purchasing the land, *Birch* died; that afterward, his administrator, *William C. Jones*, under the rules of the General Land Office, pursuant to acts of Congress permitting it, pre-empted and entered the land in question in the name of the heirs of said *Ethan H. Birch*, deceased, and received a certificate therefor; that at the time of such pre-emption and purchase, the widow *Birch*, now *Mary Grant*, with the children of *Birch*, except *Isaac*, who had died shortly after his father, continued to reside upon the premises; that all the improvements on the land, which were considerable, were made by *Ethan* and his family before his death; that under the act of Congress, the right of pre-emption was in the widow or heirs; that the question presented on this state of facts is, whether *Mary Grant*, as the widow of said *Ethan H. Birch*, who was, at the time of the settlement and making the improvements, residing upon the land with the children of *Birch*, as she was at the time of his death and the pre-emption and purchase of the land by the administrator in the name of the

heirs of *Birch*, has any interest in said land, and if so, what? "THOS. J. HARRISON, *for plaintiff.*

"MURRAY & ROBINSON, *for defendants.*"

The Court below found that, as the widow of *Birch*, she had no interest. We think the decision below should not be reversed. If the widow of *Birch* could have claimed any interest in the land, on account of the improvements, (which we do not decide,) the indefinite manner in which their value is stated, viz.: that they are considerable, does not show us that she has been injured in any amount that would justify a protraction of litigation.

As to the other ground of title, by purchase, the question is: Who appears, from the statement of facts, to have entered and paid for the land? The law allowed the widow or the heirs, and, doubtless, the widow and the heirs, to enter the land. Who did it? As whose agent did the administrator act; whose money did he use? It is a pity this point was not made plain by the statement of facts; but it was not, and we must be governed by inference.

The land was entered in the name of the heirs, and the law allowed them to make the purchase. The widow, in this case, did not fall in the class of heirs to her husband. She was not one of his heirs, he having children who were such.

Now, whose money must we presume the administrator used in making the purchase? Clearly, we think, in the absence of all evidence touching the fact, we must presume he used the money of those in whose names he took the title.

*Per Curiam.*—The judgment below is affirmed, with costs.

*C. Murray, J. W. Robinson, J. W. Gordon* and *J. A. Beal*, for appellants.

*Thos. J. Harrison*, for appellee.